THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3995
    Facsimile: (213) 894-2380
    E-mail: john.lee2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 01-7860-SVW(JTLx) |
| Plaintiff, | |
| v. | FINAL CONSENT JUDGMENT |
| $4,571,484.89 IN FUNDS SEIZED FROM VALLEY BANK ACCOUNT NOS. 8118649, 3315919, 8803471, AND 8800048, | JS - 6 |
| Defendant, | |
| DONALD RICHARD HAVARD, CAROLE HAVARD, KATHLEEN HAVARD, DONALD ROBERT HAVARD, DRH CONSULTING LLC, NUEVO FINANCIAL GROUP LLC, and NUEVO MARKET INC., | |
| Claimants. | |

On September 13, 2001, plaintiff United States of America (the "government") filed this civil _in rem_ forfeiture action pursuant to

18 U.S.C. §§ 981(a)(1)(A) & (C) against the defendant properties, funds totaling $4,571,484.89 seized by the Federal Bureau of Investigation ("FBI") from the following accounts at Valley Bank, 24010 Sunnymead Boulevard, Moreno Valley, California:

    a.    $3,408,336.46 seized from account no. 8118649 in the name of Leslie Darwin Murdock (the "Murdock Account");

    b.    $1,059,312.60 seized from account no. 3315919 in the name of DRH Consulting LLC (the "DRH Consulting Account");

    c.    $79,234.58 seized from account no. 8803471 in the name of Nuevo Financial Group LLC (the "Nuevo Financial Account"); and

    d.    $24,601.25 seized from account no. 8800048 in the name of Nuevo Market Inc. (the "Nuevo Market Account").

On September 24, 2001, the government caused process to be served on the defendant properties. On September 26, October 3, and October 10, 2001, the government caused notice to be published in a newspaper of general circulation in accordance with Rules C(3)(b)(ii) and C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The government further served notices by certified mail on all potential claimants appearing to have an interest in this matter.

Claimants Donald Richard Havard, Carole Havard, Kathleen Havard, Donald Robert Havard, DRH Consulting LLC, Nuevo Financial Group LLC, and Nuevo Market Inc. (collectively, the "Havard claimants") filed a claim and appeared in this case.

On August 9, 2002, a Default by Clerk was entered against Leslie Darwin Murdock, who agreed in a written plea agreement entered into by the parties in <u>United States v. Murdock</u>, ED CR 02-17-RT, not to contest the forfeiture of the funds seized in this matter.  On September 25, 2002, a Default Judgment Against Leslie Darwin Murdock was filed, forfeiting all funds seized from the two Murdock accounts, to wit, the Murdock Account ($3,408,336.46 seized from account no. 8118649) and the Nuevo Financial Account ($79,234.58 seized from account no. 8803471).

On or about August 26, 2002, notice was sent by United States mail to known investors of Donald Richard Havard and any related entities, advising them of this action and inviting them to submit a claim describing and documenting their investment losses.

On or about February 21, 2003, a second such notice was sent by mail to additional investors and/or corrected addresses for investors of Donald Richard Havard and any of his related entities.

On or about July 1, 2003, a third such notice was sent by mail service to the known Havard investors.

On or about December 29, 2003, a fourth such notice was sent by mail service to the known Havard investors.

On June 7, 2004, a partial consent judgment was filed in this case (the "Partial Consent Judgment") after the parties agreed that the funds from the two Havard accounts, to wit, the DRH Consulting Account ($1,059,312.60 seized from account no. 3315919) and the Nuevo Market Account ($24,601.25 seized from account no. 8800048), should, following payment of $5,100 in costs, be used to repay all known Havard investors according to the terms of the Partial Consent Judgment.  The Partial Consent Judgment further provided

3

that any remaining sums from the two Havard accounts, together with accrued interest, would then be held by the government for a period of six months and "used by the parties for payment, as appropriate, to any additional Havard investors who may subsequently make themselves known to the government or the Havard claimants, or to compensate for any underpayments prescribed by [the Partial Consent Judgment] which may subsequently be discovered by the parties," with the Court retaining jurisdiction and the balance of any funds remaining in the Havard accounts being subject to further litigation, as necessary. Partial Consent Judgment, ¶¶ 4-7.

After payment was made under the terms of the Partial Consent Judgment to the known Havard investors, three additional Havard investors subsequently submitted claims and were paid by the Marshals Service. These persons were: C. Medeiros ($7,400), J. Nolan ($7,400), and B. Sewell ($11,750). Following the payment of these sums, the balances remaining were approximately as follows:

| Account | Amount |
|---|---|
| DRH Consulting Account | $127,080.02 |
| Nuevo Market Account | $11,521.17 |

Thus, the total remaining in the Havard accounts is approximately $138,601.19. Together with interest, the parties estimate that the total sum remaining would be approximately $164,966.97.

Following the above distributions, the parties received a further petition from R. Bentley dated May 18, 2007, claiming an investment loss in connection with this matter. Bentley stated that his records had been seized by the FBI and that he did not have all of his paperwork relating to his investment, but submitted a claim under penalty of perjury attesting to his investment.

4

1  Since then, the parties have investigated his petition and
2  determined that $150,300 remains outstanding to Bentley, who agrees
3  to this sum.  The parties therefore have submitted a proposed Final
4  Consent Judgment requesting that $150,300 of the funds remaining in
5  the Havard accounts be used to pay Bentley's claim.
6       After payment of Bentley's claim, a total of approximately
7  $14,666.97, including interest, would remain in the two Havard
8  accounts.  As no other persons have appeared or submitted claims in
9  this matter, the parties propose that the remaining $14,666.97 in
10 the Havard accounts be split evenly between the government and the
11 Havard claimants pursuant to the proposed Final Consent Judgment
12 lodged by the parties.
13      The Court having been duly advised of and having considered
14 the matter, and based upon the mutual consent of the parties,
15      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
16      1.  This Court has jurisdiction over this action pursuant to
17 28 U.S.C. §§ 1345 and 1355.
18      2.  The Complaint for Forfeiture states a claim for relief
19 pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).
20      3.  Notice of this action has been given as required by law.
21 Other than the Havard claimants, no other claimants have appeared
22 in this action.  The Court deems that all other potential claimants
23 admit the allegations of the Complaint for Forfeiture to be true.
24      4.  Upon the entry of this Final Consent Judgment, the parties
25 shall pay from the remaining funds seized from the two Havard
26 accounts, to wit, the DRH Consulting Account ($1,059,312.60 seized
27 from account no. 3315919) and the Nuevo Market Account ($24,601.25
28 seized from account no. 8800048), including any accrued interest,

the claim of R. Bentley in the amount of $150,300. The parties represent that the remaining sum, including interest, before payment of Bentley's claim, is approximately $164,966.97. In consideration of this payment, the parties shall require that Bentley execute an Acknowledgment of Receipt of Funds and Release of Claims form similar to that executed by the other Havard investors, a true and correct copy of which is attached hereto as Exhibit A and incorporated by this reference. Following payment of Bentley's claim, the remaining sum, which the parties estimate to be approximately $14,666.97, shall be disposed as follows: (1) $7,333.48 shall be paid to the Havard claimants by check payable to Sherman & Sherman Client Trust Account and sent to Janet Sherman, Esq., 2115 Main Street, Santa Monica, California 90405, within 60 days of entry of this final consent judgment; and (2) all remaining sums shall be forfeited, all right, title, and interest in said sum being vested in the United States.

5. Except as to such rights and obligations created by this final consent judgment, the Havard claimants, and each of them, hereby release the United States of America, its agencies, agents, and employees, including all agents and employees of the Federal Bureau of Investigation, from any and all known and unknown claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest which may be asserted by or on behalf of them. The Havard claimants, and each of them, agree to hold harmless the United States of America, its agencies, agents, and employees, including all agents and employees of the Federal Bureau of Investigation, from any and all claims, actions, or liabilities

1 arising out of or related to this action.  These releases and hold
2 harmless agreement do not apply to civil tax matters involving the
3 Internal Revenue Service.

4     6.  The Court finds that there was reasonable cause for the
5 seizure of the defendant properties and institution of these
6 proceedings.  This final consent judgment shall be construed as a
7 certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

8     7.  The Court shall retain jurisdiction over this matter as
9 necessary to enforce the terms of this final consent judgment and
10 to resolve any disputes that may arise in connection therewith.

11     DATED: August 26, 2008

_____
STEPHEN V. WILSON
United States District Judge

## EXHIBIT A

### ACKNOWLEDGMENT OF RECEIPT OF FUNDS AND RELEASE OF ALL CLAIMS

In consideration of the return of funds in accordance with the Final Consent Judgment in <u>United States v. $4,571,484.89 in Funds Seized from Valley Bank</u>, CV 01-7860-SVW(JTLx), the receipt of which is hereby acknowledged, I hereby release the United States of America, its agencies, agents, and employees, and Donald Richard Havard, Carole Havard, Kathleen Havard, Donald Robert Havard, DRH Consulting LLC, Nuevo Financial Group LLC, and Nuevo Market Inc. (collectively referred to as the "Havard Entities") from any and all known and unknown claims, actions, or liabilities arising out of or related to investments I made with the Havard Entities, including any and all claims alleged in Riverside County Superior Court Case Number RIC369071 against the Havard Entities and/or Nuevo Village Investments.

DATED:_____

_____
Signature

_____
Print Name