ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3995
    Facsimile:  (213) 894-2380
    E-mail:  john.lee2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 01-7860-SVW(JTLx) |
| Plaintiff, | |
| v. | SECOND AMENDED FINAL CONSENT JUDGMENT DISPOSING ALL REMAINING ASSETS IN THE ACTION |
| $4,571,484.89 IN FUNDS SEIZED FROM VALLEY BANK ACCOUNT NOS. 8118649, 3315919, 8803471, AND 8800048, | JS-6 |
| Defendant, | |
| DONALD RICHARD HAVARD, CAROLE HAVARD, KATHLEEN HAVARD, DONALD ROBERT HAVARD, DRH CONSULTING LLC, NUEVO FINANCIAL GROUP LLC, and NUEVO MARKET INC., | |
| Claimants. | |

    On September 13, 2001, plaintiff United States of America (the "government") filed this civil <u>in rem</u> forfeiture action pursuant to

18 U.S.C. §§ 981(a)(1)(A) & (C) against the defendant properties, funds totaling $4,571,484.89 seized by the Federal Bureau of Investigation ("FBI") from the following accounts at Valley Bank, 24010 Sunnymead Boulevard, Moreno Valley, California:

    a.    $3,408,336.46 seized from account no. 8118649 in the name of Leslie Darwin Murdock (the "Murdock Account");

    b.    $1,059,312.60 seized from account no. 3315919 in the name of DRH Consulting LLC (the "DRH Consulting Account");

    c.    $79,234.58 seized from account no. 8803471 in the name of Nuevo Financial Group LLC (the "Nuevo Financial Account"); and

    d.    $24,601.25 seized from account no. 8800048 in the name of Nuevo Market Inc. (the "Nuevo Market Account").

On September 24, 2001, the government caused process to be served on the defendant properties. On September 26, October 3, and October 10, 2001, the government caused notice to be published in a newspaper of general circulation in accordance with Rules C(3)(b)(ii) and C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The government further served notices by certified mail on all potential claimants appearing to have an interest in this matter.

Donald Richard Havard, Carole Havard, Kathleen Havard, Donald Robert Havard, DRH Consulting LLC, Nuevo Financial Group LLC, and Nuevo Market Inc. filed a claim and appeared in this case.

On August 9, 2002, a Default by Clerk was entered against Leslie Darwin Murdock, who agreed in a written plea agreement entered into by the parties in <u>United States v. Murdock</u>, ED CR 02-17-RT, not to contest the forfeiture of the funds seized in this matter.  On September 25, 2002, a Default Judgment Against Leslie Darwin Murdock was filed, forfeiting all funds seized from the two Murdock accounts, to wit, the Murdock Account ($3,408,336.46 seized from account no. 8118649) and the Nuevo Financial Account ($79,234.58 seized from account no. 8803471).

On or about August 26, 2002, notice was sent by United States mail to known investors of Donald Richard Havard and any related entities, advising them of this action and inviting them to submit a claim describing and documenting their investment losses.

On or about February 21, 2003, a second such notice was sent by mail to additional investors and/or corrected addresses for investors of Donald Richard Havard and any of his related entities.

On or about July 1, 2003, a third such notice was sent by mail service to the known Havard investors.

On or about December 29, 2003, a fourth such notice was sent by mail service to the known Havard investors.

On June 7, 2004, a partial consent judgment was filed in this case (the "Partial Consent Judgment") after the parties agreed that the funds from the two Havard accounts, to wit, the DRH Consulting Account ($1,059,312.60 seized from account no. 3315919) and the Nuevo Market Account ($24,601.25 seized from account no. 8800048), should, following payment of $5,100 in costs, be used to repay all known Havard investors according to the terms of the Partial Consent Judgment.  The Partial Consent Judgment further provided

that any remaining sums from the two Havard accounts, together with accrued interest, would then be held by the government for a period of six months and "used by the parties for payment, as appropriate, to any additional Havard investors who may subsequently make themselves known to the government or the Havard claimants, or to compensate for any underpayments prescribed by [the Partial Consent Judgment] which may subsequently be discovered by the parties," with the Court retaining jurisdiction and the balance of any funds remaining in the Havard accounts being subject to further litigation, as necessary. See Partial Consent Judgment, ¶¶ 4-7.

On August 26, 2008, after additional claimants were paid, a Final Consent Judgment was filed, distributing the remaining sum, then $138,601.19, plus interest, as proposed by the parties.

On October 28, 2008, an Amended Final Consent Judgment was filed in this case, correcting the remaining sum after payment of claims as being $127,080.02, plus interest, and distributing that sum amongst an additional claimant named R. Bentley, the Havard claimants, and the government.

Since the filing of the Amended Final Consent Judgment, two events have occurred that complicated the distribution of the defendant assets in accordance with the Amended Final Consent Judgment filed on October 28, 2008. First, purported claimant R. Bentley, withdrew his petition and withdrew all claims to any of the seized funds. Second, on April 10, 2009, claimant Donald Richard Havard passed away. Since these events have occurred, no additional claimants have surfaced to claim any of the remaining funds in this case and neither the government nor the Havard claimants are aware of any additional claimants.

4

At this time, $127,080.02, plus interest (estimated to be approximately $27,181.49) remains in the DRH Consulting Account, for a total of $154,261.51.

As no other persons have appeared or submitted claims in this matter, the parties propose that the remaining funds in the Havard accounts be split between the government and the Havard claimants pursuant to the Stipulation Regarding Second Amended Final Consent Judgment filed by the parties concurrently herewith.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the parties,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).

3. Notice of this action has been given as required by law. Other than the Havard claimants, no other claimants have appeared in this action. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. Upon the entry of this Second Amended Final Consent Judgment, the remaining sum in this case, to wit, the $127,080.02 remaining in the DRH Consulting Account, plus interest (approximately $27,181.49), shall be paid as follows:

    (a) $77,130.75 shall be paid to the Havard claimants by check payable to Sherman & Sherman Client Trust Account and sent to Janet Sherman, Esq., 2115 Main Street, Santa Monica, California 90405, within 60 days of entry of this Second Amended Final Consent Judgment; and

     (b)   all remaining sums shall be forfeited and all right, title, and interest therein shall be vested in the United States.

5. Except as to such rights and obligations created by this Second Amended Final Consent Judgment, the Havard claimants, and each of them, hereby release the United States of America, its agencies, agents, and employees, including all agents and employees of the Federal Bureau of Investigation, from any and all known and unknown claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest which may be asserted by or on behalf of them.  The Havard claimants, and each of them, agree to hold harmless the United States of America, its agencies, agents, and employees, including all agents and employees of the Federal Bureau of Investigation, from any and all claims, actions, or liabilities arising out of or related to this action.  These releases and hold harmless agreement do not apply to civil tax matters involving the Internal Revenue Service.

6. The Court finds that there was reasonable cause for the seizure of the defendant properties and institution of these proceedings.  This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

~~7. The Court shall retain jurisdiction over this matter as necessary to enforce the terms of this consent judgment and to resolve any disputes that may arise in connection therewith.~~

DATED: December 5, 2012

_____
STEPHEN V. WILSON
United States District Judge